IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**SHERITA HARRIS**                                                                                 **PLAINTIFF**

**v.**                                      **CIVIL ACTION NO. 3:23-cv-3159-KHJ-MTP**

**MISSISSIPPI DEPARTMENT OF PUBLIC
SAFETY, MISSISSIPPI CAPITOL POLICE
DEPARTMENT, OFFICER JEFFERY WALKER,
Individually and in his official capacity, and
OFFICER MICHAEL RHINEWALT, individually and in
His official capacity**                                       **DEFENDANTS**

## MEMORANDUM OF AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FOR LACK OF JURISDICTION AND MOTION FOR JUDGMENT ON THE PLEADINGS

**COME NOW** the Defendant, Mississippi Department of Public Safety[1] under Rule 12(c) and Rule 12(h)(3) of the Federal Rules of Civil Procedure and file this, this their Memorandum of Authorities in support of their Motion to Dismiss for Lack of Subject Matter Jurisdiction and for Judgment on the Pleadings, and in support would show unto the Court the following:

### INTRODUCTION

This Court should dismiss this matter against the Department of Public Safety ("DPS,") for three reasons: (1) Plaintiff's claims against DPS are barred by the doctrine of sovereign immunity; (2) DPS is not a "person" under § 1983; and (3) there is no *Monell*[2] liability for state entities.

---

[1] Mississippi Capitol Police is improperly named as a defendant in this matter. Mississippi Capitol Police is a division within the Department of Public Safety and not a separate legal entity that is subject to being sued. Therefore, they are not a proper defendant in this action. *See Darby v. Pasadena Police Dep't,* 939 F.2d 311, 313 (5th Cir. 1991).

[2] *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978).

This matter stems from an officer involved shooting wherein Plaintiff was a passenger in a vehicle that two Capitol Police Officers attempted to pull over. Plaintiff Sherita Harris("Plaintiff") was allegedly struck by a bullet from that incident, and thus filed suit in this Court against DPS and two Capitol Police officers in their individual capacities. Plaintiff alleges a federal claim against DPS under 42 U.S.C. § 1983 for failure to train and supervise. For reasons discussed below, Plaintiff's claims against DPS fail as a matter of law and are due to be dismissed.

## STATEMENT OF FACTS/PROCEDURAL HISTORY

Plaintiff alleges that on August 14, 2022, she was a passenger in a vehicle stopped at the intersection of Amite and State Street in Jackson, Mississippi when Capitol Police Officers Rhinewalt and Walker approached the vehicle from behind and activated their police cruiser's blue lights. [Doc. No. 4, ¶¶7 and 8]. Plaintiff further alleges that "the vehicle complied with Defendant Walker's commands. Shortly thereafter, Defendant Rhinewalt began to shoot into the vehicle." *Id.* at ¶9. As a result, Plaintiff allegedly sustained injuries from a gunshot wound to the head.

On December 15, 2023, Plaintiff filed this lawsuit before this Court, and on December 20, 2023, she filed her First Amended Complaint [Doc. Nos. 1 and 4]. Plaintiff's Complaint alleges state and federal claims against Officer Rhinewalt and former Officer Walker in their individual capacities, as well as a federal claim against DPS pursuant to 42 U.S.C. §1983 for failure to train and supervise. [Doc. No. 4]. Officer Rhinewalt, in his individual capacity and DPS filed their Answer and Affirmative Defenses to the First Amended Complaint on March 4, 2024. [Doc. No. 10]. DPS now moves to dismiss for lack of subject matter jurisdiction and also requests a judgment on

the pleadings because it is entitled to sovereign immunity. Further, Plaintiff cannot recover against the state on the basis of a §1983 claim, rendering all claims against DPs meritless.

## STANDARD OF REVIEW

### I. Standard Under Rule 12(c)

Federal Rule of Civil Procedure 12(c) provides the following: "After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." FED. R. CIV. P. 12(c). "A motion for judgment on the pleadings, like a motion for summary judgment, should be granted only if there is no issue of material fact and if the pleadings show that the moving party is entitled to prevail as a matter of law." *Greenberg v. Gen. Mills Fun Grp., Inc.*, 478 F.2d 254, 256 (5th Cir. 1973). As such, motions made under Federal Rule 12(c) are "designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002). Courts review a Federal Rule 12(c) motion for judgment on the pleadings under the same standards as a Federal Rule 12(b)(6) motion to dismiss for failure to state a claim. *Terry Black's Barbecue, L.L.C. v. State Auto. Mut. Ins.*, ––– F.4th ––––, ––––, 2022 U.S. App. LEXIS 287 at *5, 2022 WL 43170, at *2 (5th Cir. Jan. 5, 2022) (citing *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)).

### II. Standard Under Rule 12(h)(3)

"If [a federal] court determines at any time that it lacks subject-matter jurisdiction, [it] must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see also Berkshire*

*Fashions, Inc. v. M.V. Hakusan II*, 954 F.2d 874, 880 n.3 (3rd Cir. 1992) (citing *Rubin v. Buckman*, 727 F.2d 71, 72 (3d Cir. 1984)) (reasoning that "[t]he distinction between a Rule 12(h)(3) motion and a Rule 12(b)(1) motion is simply that the former may be asserted at any time and need not be responsive to any pleading of the other party."). Since federal courts are considered courts of limited jurisdiction, absent jurisdiction conferred by statute, they lack the power to adjudicate claims. *See, e.g., Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (citing *Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994)). Therefore, the party seeking to invoke the jurisdiction of a federal court carries "the burden of proving subject matter jurisdiction by a preponderance of the evidence." *Vantage Trailers, Inc. v. Beall Corp.*, 567 F.3d 745, 748 (5th Cir. 2009) (citing *New Orleans & Gulf Coast Ry. Co. v. Barrois*, 533 F.3d 321, 327 (5th Cir. 2008)).

## ARGUMENT

**I.   Plaintiff's federal and state claims against the Department of Public Safety must be dismissed, as they are barred by the doctrine of sovereign immunity, and there is no *Monell* liability for State entities.**

Plaintiff's federal claims for damages against the Mississippi Department of Public Safety ("DPS") must be dismissed for three reasons: 1) they are immune from liability under sovereign immunity, 2) DPS is not a "person" under the meaning of § 1983, and 3) there can be no *Monell* liability for state entities.

**A.  DPS is immune under the doctrine of sovereign immunity.**

A sovereign enjoys two kinds of immunity that it may choose to waive or retain separately – immunity from suit and immunity from liability. See *Meyers ex rel.*

*Benzing v. Texas*, 410 F.3d 236, 248 (5th Cir. 2005). Eleventh Amendment immunity provides immunity from suit while sovereign immunity provides immunity from liability.

Sovereign immunity extends to any state agency or department deemed to be an "arm of the state." *Perez v. Region 20 Educ. Serv. Ctr.*, 307 F.3d 318, 326–27 (5th Cir. 2002). "This immunity also extends to state officials who are sued in their official capacities because such a suit is actually one against the state itself." *New Orleans Towing Ass'n, Inc. v. Foster*, 248 F.3d 1143, 2001 WL 185033, at *3 (5th Cir. Feb. 6, 2001); see *Hafer v. Melo*, 502 U.S. 21, 25 (1991) (citing *Kentucky v. Graham*, 473 U.S. 159, 166 (1985)); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 117 (1984)).

DPS and its divisions, such as the Mississippi Capitol Police [3], have both long been considered arms of the State. Indeed, courts in both the Northern and Southern Districts have routinely drawn this conclusion. See Brown *v. Simpson*, 2009 WL 2449898, at *1 n. 1 (N. D. Miss. Aug. 7, 2009) ("there is no question that the Mississippi Department of Public Safety is an arm of the State"); *Delaney v. Miss. Dep't of Pub. Safety*, No. 3:12cv229, 2013 WL 286365, at *3 (S.D. Miss. Jan. 24, 2013) ("MDPS is an agency of the State and entitled to Eleventh Amendment immunity absent waiver or abrogation.") (citation omitted), aff'd, 554 F. App'x 279 (5th Cir. 2014); *Wamble v. County of Jones*, No. 2:09cv103, 2012 WL 2088820, at *6 (S.D. Miss. June 8, 2012) (finding the MDPS and MHP to be immune from liability and dismissing for lack of subject matter jurisdiction); *Whitfield v. City of Ridgeland*, 876 F.Supp.2d 779, 784

---

[3] Plaintiff names the Mississippi Capitol Police as a separate defendant. However, the Capitol Police is a unit of DPS. See https://www.dps.ms.gov/capitol-police. It is not a separate legal entity and thus is not a proper defendant.

(S.D. Miss. 2012) (same); *Hopkins v. Mississippi*, 634 F. Supp. 2d 709, 712–13 (S.D. Miss. 2009) (dismissing the plaintiff's official capacity claims against a state trooper, as well as his claims against the MDPS and MHP, pursuant to the Eleventh Amendment); *Meaux v. Mississippi*, No. 1:14CV323-KS-RHW, 2015 WL 3549579, at *3 (S.D. Miss. June 8, 2015); *Hawn v. Hughes*, No. 1:13-CV-00036- GHD, 2014 WL 4384236, at *5 (N.D. Miss. Sept. 3, 2014).

Nor has Mississippi waived its right to sovereign immunity, but has instead expressly preserved the immunity. See Miss. Code Ann. § 11-46-5(4) ("Nothing contained in this chapter shall be construed to waive the immunity of the state from suit in federal courts guaranteed by the Eleventh Amendment to the Constitution of the United States."). The United States Supreme Court has firmly held that both federal and state-law claims are barred from being asserted against a State in federal court. *Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 119–21, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984). Because DPS is an arm of the state and entitled to sovereign immunity, all federal and state-law claims against it must be dismissed.

### B. DPS is not a "person" under § 1983.

In addition to being barred by sovereign immunity, Plaintiffs' federal claims against DPS are improper as it is not a party that can be sued under 42 U.S.C. § 1983. Under 42 U.S.C. § 1983, a plaintiff may bring a cause of action for civil rights violations only against "persons." 42 U.S.C. § 1983. A state, its officials working in their official capacity, and entities that are considered "arms of the State" for Eleventh Amendment purposes are not persons subject to suit within the meaning of Section 1983. *Will v. Mich.*

*Dep't of State Police*, 491 U.S. 58, 64 (1989). Thus, as a matter of statutory interpretation, DPS is not amenable to suit under § 1983 in federal court.

### C. There can be no *Monell* liability for state entities.

Notwithstanding the facts that DPS is entitled to sovereign immunity and not amenable to suit under Section 1983, Plaintiffs' federal claims are further barred because there can be no *Monell* liability for State entities. Count IV of Plaintiff's First Amended Complaint specifically alleges that DPS failed to train its employees and is therefore liable pursuant to 42 U.S.C. §1983. [Doc. No. 8-1, ¶¶ 4 and 5]. While it is possible to establish <u>municipal</u> liability under § 1983, the statute "is limited to deprivations of federally protected rights caused by action taken 'pursuant to official <u>municipal</u> policy of some nature.'" *Cherry Knoll, L.L.C. v. Jones*, 922 F.3d 309, 316–17 (5th Cir. 2019) (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978) (emphasis added)). In other words, the *Monell* doctrine applies only to municipalities and local governments – it does not apply to the state, or arms of the state.

In *Will*, the United States Supreme Court explained its conclusion and why its findings related to Eleventh Amendment immunity did not contradict *Monell*:

> Finally, *Monell* itself is not to the contrary. True, prior to *Monell* the Court had reasoned that if municipalities were not persons then surely States also were not. *Fitzpatrick v. Bitzer*, 427 U.S. [445, 452, 96 S.Ct. 2666, 49 L.Ed.2d 614 (1976)]. And *Monell* overruled *Monroe* [*v. Pape*, 365 U.S. 167 (1961)], undercutting that logic. But it does not follow that if municipalities are persons then so are States. States are protected by the Eleventh Amendment while municipalities are not, *Monell*, 436 U.S. at 690, n. 54, 98 S.Ct. at 2035, n. 54, and we consequently limited our holding in *Monell* "to local government units which are not considered part of the State for Eleventh Amendment purposes," *ibid*. Conversely, our holding here does not cast any doubt on *Monell* and applies only to States or governmental entities that are considered "arms of the State" for Eleventh Amendment purposes. See,

e.g., *Mt. Healthy Bd. of Ed. v. Doyle*, 429 U.S. 274, 280, 97 S.Ct. 568, 572, 50 L.Ed.2d 471 (1977).

*Will v. Michigan Dept. of State Police*, 491 U.S. 58, 70 (1989).

*Monell* expressly limited itself to "local government units which are *not* considered part of the State for Eleventh Amendment purposes." *Monell*, 436 U.S. at 690 n.54 (emphasis added). In this case, Plaintiff acknowledges that the DPS is a state agency and do not argue that DPS or Mississippi itself have consented to liability against DPS. *See* [Doc. No. 4, ¶1]. Neither DPS nor the named defendants in their official capacities are considered "persons" in the context of §1983 liability. Therefore, all federal claims against DPS must be dismissed because there is no legally cognizable claim under which Plaintiffs can recover.

## CONCLUSION

DPS is due to be dismissed from this matter and is entitled to judgment on the pleadings. Specifically, DPS is entitled to sovereign immunity pursuant to the Eleventh Amendment, and Plaintiff's claim pursuant to §1983 must fail because such claims cannot be brought against the State. The Complaint does not contain a legally cognizable claim that yield liability against DPS under federal law, therefore, all claims against DPS must be dismissed.

**RESPECTFULLY SUBMITTED**, this the 10th day of April 2024.

**MISSISSIPPI DEPARTMENT OF PUBLIC SAFETY**

BY:   LYNN FITCH
Attorney General of Mississippi

*/s/ Claire Barker*
Claire Barker, MSB #101312
Special Assistant Attorney General

        STATE OF MISSISSIPPI
        OFFICE OF THE ATTORNEY GENERAL
        CIVIL LITIGATION DIVISION
        P.O. Box 220
        Jackson, Mississippi 39205-0220
        Telephone: (601) 359-3523
        Fax: (601)359-2003
        claire.barker@ago.ms.gov
        *Attorney for Defendant*

OF COUNSEL:

Office of the Attorney General
State of Mississippi
550 High St., Suite 1100
Jackson, MS  39201-1111
Telephone: 601-359-3523
claire.barker@ago.ms.gov

## **CERTIFICATE OF SERVICE**

I, the undersigned, do hereby certify that I have electronically filed the foregoing with the Clerk of the Court using the ECF system which provided notice to all counsel of record.

This, the 10th day of April 2024.

        */s/ Claire Barker*
        Claire Barker