IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**SHERITA HARRIS**                                                        **PLAINTIFF**

**v.**                                      **CIVIL ACTION NO. 3:23-cv-3159-KHJ-MTP**

**JEFFERY WALKER and MICHAEL RHINEWALT**            **DEFENDANTS**

**ORDER GRANTING STAY AND ADMINISTRATIVELY CLOSING CASE**

THIS MATTER is before the Court on the Motion for Stay of Proceedings [62] filed by Defendant Jeffery Walker. Having considered the Motion, record, and applicable law, the Court finds that the Motion [62] should be granted.

On December 15, 2023, Plaintiff Sherita Harris filed this action alleging that, in August of 2022, Capitol Police Officers Jeffery Walker and Michael Rhinewalt wrongfully shot into a vehicle she occupied and that a bullet struck her in the head. *See* Amended Complaint [4]. Plaintiff sued Walker, Rhinewalt, and the Mississippi Department of Public Safety. *Id.*[1]

On December 26, 2024, Walker and Rhinewalt were indicted in the Circuit Court of Hinds County, Mississippi, First Judicial District, for "willfully, unlawfully, and feloniously, purposely, knowingly, or recklessly caus[ing] serious bodily injury to Sherita Lynn Harris under circumstances manifesting extreme indifference to the value of human life, by shooting Sherita Lynn Harris with a firearm . . . ." *See* [62-2].

On January 31, 2025, Walker filed the instant Motion [63] requesting that the Court stay this civil action pending an adjudication of his criminal charges. On February 3, 2025,

---

[1] On April 29, 2024, the Court dismissed Defendant Mississippi Department of Public Safety. *See* Order [20].

1

Rhinewalt joined the Motion for Stay [62]. *See* [65]. Plaintiff did not respond to the Motion [62] or file a notice that she did not intend to respond as required by L.U. Civ. R. 7(b)(3)(A).

A district court has discretion to stay a civil proceeding during the pendency of a parallel criminal proceeding. *United States v. Gieger Transfer Serv., Inc.*, 174 F.R.D. 382, 385 (S.D. Miss. 1997). Courts consider the following factors to determine whether to stay a civil action pending the resolution of a criminal proceeding: (1) the extent to which the issues in the criminal case overlap with those presented in the civil case; (2) the status of the case, including whether the criminal defendant has been indicted; (3) the private interests of the plaintiff in proceeding expeditiously weighed against the prejudice to the plaintiff caused by the delay; (4) the private interests of and burden on the defendants; (5) the interests of the courts; and (6) the public interest. *Alcala v. Tex. Webb Cnty.*, 625 F.Supp.2d 391, 398-99 (S.D. Tex. 2009).

Here, the criminal and civil cases appear to prosecute the exact same conduct allegedly perpetrated by Walker and Rhinewalt. Additionally, these two officers have been indicted, and "[a] stay is most appropriate when a party has been criminally indicted." *Indian Harbor Ins. Co. v. Moore*, 2022 WL 19394915, at *2 (S.D. Miss. Sept. 8, 2022). Thus, the first two factors weigh in favor of a stay.

As for the third factor, the Court acknowledges that Plaintiff has an interest in a speedy resolution of this case, but the Court, in the absence of a response from Plaintiff, cannot find that Plaintiff would be unduly prejudiced by a stay. Conversely, Walker and Rhinewalt risk substantial prejudice in regard to their right against self-incrimination if forced to proceed in both the civil and criminal proceedings, and thus, the fourth factor weighs in favor of a stay.[2]

---

[2] Walker also notes that he has new counsel in this action and that his former counsel—attorneys with the Mississippi Attorney General's Office—were allowed to withdraw as counsel in this action after the Public Integrity Division of the Mississippi Attorney General's Office began

Turning to the fifth factor, the Court has an interest in avoiding delay and notes that this action has been pending since December 15, 2023. However, no party has demonstrated possible harm to the public from a stay, and the "public interest in law enforcement" must be given "substantial weight" when balanced against the interest in a "prompt determination of . . . civil claims or liabilities." *Campbell v. Eastland*, 307 F.2d 478, 487 (5th Cir. 1962). Thus, the sixth factor weighs in favor of a stay.

Having considered the appropriate factors, the Court finds that a stay is warranted. Additionally, under the circumstances presented, the Court finds that this action should not be maintained as an open one for statistical purposes and should be administratively closed.

IT IS, THEREFORE, ORDERED that:

1. The Motion for Stay of Proceedings [62] is GRANTED;

2. The Clerk of Court shall administratively close this case;

3. The parties shall file a motion to lift the stay and to reopen the case within ten (10) days of the disposition of the criminal case; and

4. If the criminal proceedings have not yet concluded by June 18, 2025, the parties shall submit to the chambers of the undersigned a report regarding the criminal proceedings.

SO ORDERED this the 19th day of February, 2025.

                                              s/Michael T. Parker
                                              UNITED STATES MAGISTRATE JUDGE

---

prosecuting the criminal charges against Walker and Rhinewalt. *See* Order [57]. Walker asserts that a stay would allow his counsel an opportunity to prepare a defense in this case.